UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. SERMENO, <br>   Plaintiff, <br>    v. <br> C. CAHOON, et al., <br>   Defendants. | Case No. 16-05896 EJD (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Chief Justice Tani G. Cantil-Sakauye of the Supreme Court of California and two clerks within her court. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.       Plaintiff's Claims**

Plaintiff claims that Defendant C. Cahoon, a deputy clerk at the Supreme Court of California, denied him access to the courts by refusing to file documents Plaintiff filed on or around April 17, 2015. (Compl. at 3.) Plaintiff claims that Defendant Frank A. McGuire, the former Court Administrator and Clerk of the Supreme Court of California, failed to train his deputy clerks on "their federal obligation to always file documents," and that he implemented an unconstitutional policy that authorizes deputy clerks to not file documents. Plaintiff names Justice Cantil-Sakauye of the Supreme Court of California as a defendant, but makes no factual allegations against her. (Id. at 2-3.) Plaintiff seeks damages as well as injunctive and declaratory relief. (Id. at 3.)

With respect to any claims against Justice Cantil-Sakauye, as a state judge, she is absolutely immune from civil liability for damages for acts performed in her judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Accordingly, any claims against Justice Cantil-Sakauye for acts performed in her judicial capacity must be dismissed.

The clerks of the California Supreme Court are also immune from suit. The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress

2

enacted § 1983, deserve absolute protection from damages liability. Buckley v. Fitzsimmons, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. Id. at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley, 509 U.S. at 269 (1993) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. Miller, 335 F.3d at 897. Here, the clerks' declination to file is necessarily a part of the judicial process and therefore they are immune from suit for damages.

## CONCLUSION

For the reasons state above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Dated: 2/3/2017

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.16\05896Sermeno_dism

3